**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                                                                   Case No. 15-24931-EPK
                                                                                              Chapter 11
DAYA MEDICALS, INC.,

    Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION FOR VIOLATION OF AUTOMATIC STAY AND
CREDITOR MISCONDUCT AGAINST DKMC, INC., DANA KLEIN, ERIC STANCO,
ESQ. AND SCOTT D. SMILEY, ESQ.**

**EMERGENCY HEARING REQUESTED**

Debtor, DAYA MEDICALS, INC. ("Debtor"), by and through its undersigned counsel, hereby moves the Court for an award of damages against DKMC, INC., DANA KLEIN, ERIC STANCO, ESQ., and SCOTT D. SMILEY, ESQ. (collectively referred to as "Defendants"), for a violation of the automatic stay and in support states as follows:

**I.      BASIS OF EMERGENCY**

This Motion seeks emergency relief because Scott D. Smiley, Esq., at the direction of Eric Stanco, Esq. and creditors, Dana Klein and DKMC, Inc., is attempting to have the only valuable assets of the estate assigned to Mr. Smiley notwithstanding the fact that the undersigned has informed the parties multiple times that doing so is a violation of the automatic stay. Mr. Smiley has filed a motion in state court requesting the state court to compel the Debtor's officers and directors to assign the assets to Mr. Smiley. The motion to compel is currently not set for hearing; a hearing on this Motion must be held prior any such hearing in state court. If the Debtor's intellectual property is assigned to Mr. Smiley, direct, immediate, and substantial harm will occur to the

1

bankruptcy estate and the Debtor's ability to reorganize as the Debtor would be left with no significant assets.

I HEREBY CERTIFY that I have made a bona fide effort to resolve this matter without a hearing.

## II. INTRODUCTION

The Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") on August 18, 2015. As of the filing of this Motion, the Debtor continues in the possession of its property and the management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The United States Trustee has not appointed an official committee of unsecured creditors.

The Debtor is a biomedical company that engages in research and development of new medical products, services, and other medical-related intellectual property. The Debtor licenses its intellectual property to a licensee that pays a royalty of 1% of gross sales from products related to the Debtor's intellectual property. The Debtor currently does not receive any royalty revenue as there are no current sales, however, one of its products, the MedPod, is nearing commercialization and is expected to generate significant revenue by the end of the year.

The Debtor's intellectual property is critical to the Debtor's reorganization as it is the Debtor's only asset of significant value. Prior to the commencement of this bankruptcy case, the Debtor's most aggressive creditor and only judgment creditor, Dana L. Klein and DKMC, Inc., through their counsel, Eric Stanco, Esq., obtained an Order Appointing Receiver which ordered a receivership over the Debtor's patents and intellectual property which was set to become effective on August 24, 2015. The receiver that was to be appointed was Defendant, Scott D. Smiley, Esq. It

has been apparent from the actions of Defendants, prior to and after the bankruptcy filing, that their primary goal is to appropriate the Debtor's intellectual property for themselves to profit in an amount far greater than the amount of the outstanding judgment. The Debtor filed its bankruptcy petition prior to the receivership becoming effective and has been protected by the automatic stay of 11 U.S.C. §362 since the time of filing on August 18, 2015.

Throughout the pendency of this bankruptcy case, Defendants have taken actions to try to misappropriate the Debtor's intellectual property which are the only assets of significant value of the estate. Defendants have further taken action to try to destroy the ability of reorganization by contacting the Debtor's licensee's vendors and customers and serving subpoenas on same in an attempt to frustrate the business dealings between the Debtor's licensee and its vendors and customers. Defendants have been warned multiple times by the undersigned that their conduct is in violation of the automatic stay, yet the conduct continues which necessitated the filing of this Motion. This Motion seeks compensatory and punitive damages against the Defendants for the conduct which is more specifically described in the following section of this Motion.

**III.    FACTS**

The Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") on August 18, 2015 [ECF No. 1]. No relief from the stay has been granted to any creditor or other party in interest to date.

On August 23, 2015, Defendant, Eric Stanco, Esq. (hereafter "Defendant Stanco") on behalf of his clients, Dana Klein and DKMC, Inc. (hereafter collectively referred to as "Defendant Klein"), sent an email to the sole officers and directors of the Debtor requesting that the Debtor assign its intellectual property to a receiver, Scott Smiley, Esq. (hereafter "Defendant Smiley"). This was after

a suggestion of bankruptcy was filed in the state court case and served on Defendant Stanco on August 18, 2015.  A copy of this email is attached hereto as Exhibit A.

On August 24, 2015, Defendant Smiley sent an email to the sole officers and directors of the Debtor requesting that the Debtor assign its intellectual property to him.  A copy of this email is attached hereto as Exhibit B.

On August 25, 2015, the undersigned sent an email to Defendant Smiley explaining that the Debtor filed for bankruptcy and is protected by the automatic stay.  A copy of this email is attached hereto as Exhibit C.

On August 28, 2015, the undersigned, on behalf of the Debtor's officers and directors personally, filed proof of the Debtor's ownership of the intellectual property in the state court to show Defendants that the Debtor owns the subject intellectual property.  None of the Defendants have presented any evidence whatsoever refuting this proof.  A copy of the filing is attached hereto as Exhibit D.

After the August 25, 2015 email, the Defendants' actions subsided for a while.  However, at a hearing on February 11, 2016 on the Debtor's Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement, Defendant Stanco represented to the Court that Defendant Smiley was in the process of putting together a contempt motion against the Debtor's CEO for failing to assign the Debtor's intellectual property to Defendant Smiley.  After the hearing, the undersigned emailed Defendant Smiley to inquire as to whether this was true.  Defendant Smiley responded that it was not true and also responded that he had recently asked the Debtor's officers and directors to sign an assignment of the Debtor's intellectual property to Defendant Smiley.  A copy of an emailed response from Defendant Smiley is attached hereto as Exhibit E.

On February 12, 2016, the undersigned received a certified letter from Defendant Smiley demanding that the officers and directors of the Debtor execute an assignment of the Debtor's intellectual property to Defendant Smiley.  There were three requested assignments: one for the Debtor, one for CEO of the Debtor, Justin Daya, and one for CMO of the Debtor, Dr. Kanti Daya.  Furthermore, all three assignments had an exhibit listing the patents and patent applications to assign and this list included patents and patent applications that are listed in Schedule B of the Debtor's petition [ECF No. 37].  Therefore, even if Mr. Daya or Dr. Daya signed only the individual assignment assigning any personal, individual ownership right they may have, doing so would cloud title to the Debtor's intellectual property since the Debtor's assets are specifically listed in the assignment.  If Mr. Daya or Dr. Daya signed the assignments, they would be in violation of the automatic stay.  A copy of the letter and assignments are attached hereto as Exhibit F.

On March 9, 2016, Defendant Smiley again demands that the officers and directors of the Debtor execute an assignment of the Debtor's intellectual property to Defendant Smiley.  Defendant Stanco also supported Defendant Smiley's demand for assignment.  In response, the undersigned again explained that the automatic stay is in effect and that his demands are in violation of the stay.  In this email exchange, Ariel Rodriguez, Esq., from the Office of the US Trustee also told Defendant Smiley that he needs a court order from the bankruptcy court before any assignment of the Debtor's intellectual property could be executed.  A copy of the email exchange is attached hereto as Exhibit G.

Notwithstanding Defendant Smiley and Defendant Stanco having clear and unequivocal information from the undersigned and the Office of the US Trustee that an assignment of the Debtor's intellectual property without bankruptcy court approval would be a violation of the

automatic stay, on April 8, 2016, Defendant Smiley filed a motion in state court asking the Court, *inter alia*, to compel the Debtor's officers and directors to execute an assignment of the Debtor's intellectual property to Defendant Smiley. It is presumed that Defendant Stanco and Defendant Klein knew about and supported the motion being filed. A copy of this motion is attached hereto as Exhibit H.

To the extent that Defendant Smiley is attempting to have the officers and directors of the Debtor assign only their personal ownership interests in any of the intellectual property, the officers and directors of the Debtor have no personal ownership interests in the intellectual property and any such assignment would cloud title to the Debtor's assets.

## IV.    RELIEF REQUESTED

The Debtor seeks entry on an order, pursuant to 11 U.S.C. §§ 362(a), (k), and 105(a), and Federal Rules of Bankruptcy Procedure 9020 and 9014, holding the Defendants in civil contempt and award appropriate sanctions, including actual and punitive damages, due to the Defendants' violations of the automatic stay.

11 U.S.C. §§ 362(a) prohibits "any act to obtain possession of the estate or of property from the estate or to exercise control over property of the estate," and §105(a) allows "[t]he court [to] issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Eleventh Circuit Court of Appeals has held that bankruptcy courts may impose sanctions for violations of the automatic stay by their statutory civil contempt powers under section 105(a), which sanctions may include monetary and injunctive-type relief if warranted under the circumstances. *Jove Eng'g, Inc., v. IRS*, 92 F.3d 1539, 1554 (11th Cir. 1996) ("Therefore, we conclude §105(a) grants courts independent statutory powers to award monetary and other forms of

relief for automatic stay violations to the extent such awards are 'necessary or appropriate' to carry out the provisions of the Bankruptcy Code.").

The actions of the Defendants are intended to obtain possession of (or at the very least cloud title to) the Debtor's intellectual property. The assignments that Defendant Smiley is attempting to have the Debtor's officers and directors sign describe the patents and patent applications to be assigned and these patents and patent applications are listed in Schedule B to the Debtor's petition [ECF No. 37]. No party has challenged whether the Debtor owns these patents and patent applications in the bankruptcy court and no contrary evidence has been presented by the Defendants to show that ownership of these patents and patent applications is vested in someone other than the Debtor.

Damages may be awarded for a violation of the automatic stay when the violation is "willful." *Id* at 1555. A violation of the automatic stay is "willful if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *Id*. In the present case, all Defendants are aware of the automatic stay as the undersigned (and Ariel Rodriguez, Esq. of the US Trustee's Office) has informed them of the stay on multiple occasions. Since the Defendants are aware of the automatic stay and continue to intentionally attempt to have the Debtor's intellectual property assigned away, an award of damages is appropriate.

In the present case, punitive damages are also appropriate. "To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re WVF Acquisition, LLC*, 420 B.R. 902, 914 (Bankr. S.D. Fla. 2009) *citing In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987).

In the present case, Defendant Smiley and Defendant Stanco are attorneys; the actions taken to violate the stay were done with actual knowledge or at the very least a reckless disregard for whether they were violating the stay.

Decisions awarding punitive damages typically consider the following factors: (1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor. *Id*. In the present case, the violator's conduct is intended to misappropriate (or at the very least cloud title to) the Debtor's only valuable assets. These actions, if allowed to continue, will make reorganization of the Debtor impossible and will further deprive every other creditor in this case of any recovery whatsoever. The only current harm to the Debtor is having to spend already limited resources on filing this Motion as well as filing a response in the state court, however, if this conduct is allowed to continue, the harm to the Debtor is immense as it will lose the only valuable assets that it has, reorganization will become impossible, and every other creditor in this case will be deprived of a recovery. The Debtor does not know the ability of the violators to pay at this time, but will seek discovery on same prior to any evidentiary hearing on this matter. The motive of the violators is to illegally bypass the Bankruptcy Court to appropriate the Debtor's assets for themselves. These actions have been wholly unprovoked by the Debtor and in fact, the Debtor has been trying to stave off these actions during the pendency of the bankruptcy proceedings. Under these circumstances, an award of punitive damages is appropriate.

**V.    CONCLUSION**

The Debtor's intellectual property is its only valuable asset and retaining ownership and clear title to the intellectual property is necessary to ensure that creditors of the estate obtain a

recovery on their claims. The Defendants' actions in attempting to misappropriate the assets of the Debtor are clear violations of the automatic stay that should not be tolerated by the Court. For the reasons stated in this Motion, the Defendants should be found to be in civil contempt and sanctions should be awarded including an award of punitive damages.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (1) finding that the Defendants are in violation of the automatic stay; (2) awarding appropriate sanctions, including the Court (a) ordering injunctive relief preventing any further actions to pursue an assignment of the Debtor's intellectual property, (b) awarding actual damages including attorney's fees for bringing this Motion, and (c) awarding punitive damages; and (3) granting such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

                LAW OFFICE OF
                MICHAEL D. MOCCIA, P.A.
                Counsel for Debtor
                1200 North Federal Highway, Suite 200
                Boca Raton, Florida 33432
                Telephone: (561) 210-8510
                Facsimile: (561) 210-8509
                Email: mdm@moccialaw.com

          By:  ___s/ Michael D. Moccia_____
                Michael D. Moccia
                Florida Bar No.: 44658