IN THE CIRCUIT COURT IN AND FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 12-016148 (05)

DKMC, INC., a Florida Corporation
And DANA KLEIN, individually

      Plaintiff

v.

DAYA MEDICALS, INC., a Florida
Corporation; KANTI DAYA, an individual,
and JUSTIN DAYA, an individual.

      Defendants

_____/

### RECEIVER'S MOTION TO COMPEL

Receiver, SCOTT D. SMILEY ("Receiver") moves this Court to compel the Defendants at act and, in support, states:

### INTRODUCTION

1. On August 7, 2015, this Court entered its Order Appointing Receiver, which required, *inter alia*, "that the Receiver will have the power and duty to take custody and possession of the assets of Daya Medicals, Inc." and "that the Receiver will have the power and duty to take custody and possession of the patents, patent applications and other intellectual property of Justin K. Daya and/or Kantilal Daya." The intellectual property assets were delineated in Schedule "A" to the Order Appointing Receiver.

2. In a subsequent Order, on August 18, 2015, this Court appointed the undersigned as the Receiver, the receivership becoming effective on August 24, 2015.

3. Prior to the effective date of the undersigned's receivership, on August 18, 2015, Daya Medicals, Inc. filed for bankruptcy protection in the Southern District of Florida. See **Exhibit A**.

4. That same day, August 18, 2015, Defendants Daya Medicals, Inc., Justin K. Daya, and Kantilal Daya filed Notice of Appeal, appealing this Court's Order Appointing Receiver. See **Exhibit B**.

5. On August 20, 2015, Daya Medicals, Inc. filed an Emergency Motion to Extend Automatic Stay Over State Court Proceedings and Receivership. See **Exhibit C**.

6. On August 24, 2015, the undersigned Receiver met with the Plaintiff, Dana Klein, and her attorney, Eric Stanco, to obtain Plaintiff's view on the effect Daya Medicals, Inc.'s bankruptcy filing would have on the undersigned Receiver's ability to secure assignments of the intellectual property listed in Schedule "A" to the Order Appointing Receiver. It was the Plaintiff's position that Defendants' bankruptcy filing did not affect the assets of the individual defendants, Justin Daya and Kantilal Daya.

7. The undersigned Receiver conducted further research on each item listed in Schedule "A" to the Order Appointing Receiver.

    A. **U.S. Patents/Patent Applications**:

    It was determined that, of the nine U.S. Utility Patent Applications listed in Schedule "A," five had gone formally abandoned prior to entry of the Order Appointing Receiver, one did not recite a valid application number, and the two that were still pending (13/959,013 and 13/750,629) had been formally rejected by the U.S. Patent and Trademark Office prior to entry of the Order Appointing Receiver and both required a formal response and the payment of fees in order to prevent them from also going abandoned. See **Exhibit D**. It was further determined that the two pending U.S. patent applications were filed in the names of the Defendants personally and had not been assigned by them. *Id.* Schedule "A" identified a single U.S. Design Patent

registration (D650986), which was assigned by the Defendants to Daya Medicals, Inc. on April 1, 2011, prior to entry of the Order Appointing Receiver. *Id.*

B. **Foreign Patent Applications**

Schedule "A" listed seven purported foreign patent applications. The undersigned Receiver was able to locate two European applications (EP2705490 and EP2456407) and one Canadian application (CA2768316). See **Exhibit D**. The European and Canadian applications were filed in the name of Daya Medicals, Inc. prior to entry of the Order Appointing Receiver. *Id.* The Canadian application was abandoned in 2014. *Id.* A second Canadian application listed in Schedule "A" appears to be incorrect. *Id.* Canadian Patent Application No. CA140866 is owned by a party unrelated to the instant litigation and for an invention unrelated to the instant litigation. The Israel application (IL217549) went abandoned in 2014. *Id.* The remaining listed Singapore and Mexican applications (SG177672 and MX2012000903) could not be located.

C. **U.S. Trademark Registrations**

Schedule "A" listed two U.S. Trademark registrations (4,403,686 and 4,388,502). Both trademark registrations were originally filed in the name of Daya Medicals, Inc., prior to entry of the Order Appointing Receiver. See **Exhibit D**.

8. After concluding research on the ownership of each piece of intellectual property listed in Schedule "A" to the Order Appointing Receiver, on September 1, 2015, the undersigned Receiver met with the Defendants, Justin Daya and Kantilal Daya, and their attorney to discuss the details, status, and perceived value of each piece of intellectual property listed in Schedule "A" to the Order Appointing Receiver and to obtain the Defendants' view on the effect Daya Medicals, Inc.'s bankruptcy filing would have on the undersigned Receiver's ability to secure

assignments of the intellectual property listed in Schedule "A" to the Order Appointing Receiver. It was the Defendants' position that the bankruptcy would affect all of the assets listed in Schedule "A" to the Order Appointing Receiver.

9. During the September 1, 2015 meeting, the Defendants explained they felt they were close to closing a large deal and that the contract would allow them to pay the Plaintiff the full amount the Defendants owed her. The Defendants also communicated that, in their view, an assignment would destroy their ability to close their contract. The undersigned Receiver asked the Defendants to immediately provide corroborating evidence—of any kind—to show such contract(s) was/were pending. The undersigned Receiver communicated this information to the Plaintiff, who agreed the Defendants should be given time to show if such a contract was, in fact, being negotiated. To date, the Defendants have not provided any documents or other evidence to corroborate their statements.

10. During the September 1, 2015 meeting with the Defendants, the undersigned Receiver mentioned to the Defendants that the only pending U.S. patent applications had been formally rejected by the U.S. Patent and Trademark Office and both required the time of a registered patent attorney to prepare and file a formal response along with the payment of fees in order to prevent them from going abandoned. The Defendants agreed to hire an attorney to respond to the rejections and agreed to pay the necessary government fees. The undersigned Receiver communicated this information to the Plaintiff, who agreed the Defendants should be given time to properly respond to the rejections and pay the significant late fees required in order to keep the applications from going abandoned.

11. On October 12, 2015, the undersigned Receiver sent a letter to the counsel for the Defendants reminding them that, for U.S. Patent Application No. 13/750,629, no response to the

Patent Office had been filed and that October 29, 2015 was the final deadline for responding. See **Exhibit E**.  The Defendants filed a response with the USPTO on October 28, 2015.

12.     On December 22, 2015, the undersigned Receiver sent a letter to the counsel for the Defendants reminding them that, for U.S. Patent Application No. 13/959,013, no response to the Patent Office had been filed and that December 29, 2015 was the final deadline for responding. See **Exhibit F**.  The Defendants filed a response with the USPTO on December 29, 2015.

13.     On February 8, 2016, the undersigned Receiver transmitted assignment documents and instructions, per the Order Appointing Receiver, to the Defendants and counsel for Defendants, Michael Moccia.  See **Exhibit G**.  The assignment documents required, for each of the Defendants, assignment of "all of our rights, title, and interest in and to U.S. Patent Application Number 13/959013 and U.S. Patent Application Number 13/750629 and any other patents, patent applications and other intellectual property listed on the attached Schedule "A" (collectively, the "Property") that we own, in whole or in part."  *Id.* at pp. 11-14. The assignment was, therefore, limited to those assets owned by the defendants individually.  The letter required execution and return of the assignment documents by February 19, 2016.  *Id*.  The Defendants failed to execute said assignment documents or respond to the undersigned Receiver with comments or objections.

14.     On March 8, 2016, the undersigned Receiver sent an email communication to the Defendants and counsel for Defendants, Michael Moccia, again requesting execution of the assignment documents by the Defendants and reminding them that the Order Appointing Receiver stated that, "should any party fail or refuse with the terms and requirements of this Order Appointing Receiver, the Court shall treat such failure as a direct violation of this Order Appointing Receiver, subjecting such party to contempt of court proceedings."  See **Exhibit H**. Mr. Moccia responded that same day, threatening sanctions against the undersigned Receiver if

any further attempts were made requiring the Defendants' compliance with the Order Appointing Receiver. *Id*. Mr. Moccia included the bankruptcy trustee, Ariel Rodriguez, on his email response. *Id.* During the ensuing exchange between counsel for the Plaintiff, counsel for the Defendants, and the bankruptcy trustee, it became clear there is a genuine dispute between the parties as to whether or not the Defendants are required to comply with the Order. *Id.* At a minimum, the Defendants have refused to comply with the obligations placed upon them by the Order Appointing Receiver.

15. Unbeknownst to the undersigned Receiver, on November 19, 2015, the Defendants submitted and recorded with the USPTO assignment documents attempting to transfer ownership of U.S. Patent Application Nos. 13/959,013 and 13/750,629 from the Defendants personally to Daya Medicals, Inc. See **Exhibit I**. This information was just discovered within the past week.

16. In connection with the above, the undersigned Receiver has now dedicated a number of hours working with the parties to this case in attempting to comply with the Order Appointing Receiver. The Order Appointing Receiver did not specify which of the parties is responsible for compensating the Receiver for his time and both parties have indicated the other is partially or solely responsible.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests this Court (1) declare the Defendants' November 19, 2015 assignment recordings null and void and order such corrective action and issue sanctions as this Court deems necessary; (2) in accordance with the Order Appointing Receiver, treat the Defendants' refusal to execute this Court's assignment documents "as a direct violation of this Order Appointing Receiver, subjecting such party to contempt of court proceedings," (3) clarify each party's responsibility for payment of the

Receiver's invoices, and (4) such other or further relief this court deems just and proper under the circumstances.

**Dated this 8th day of April 2016.**

Respectfully Submitted,

/s/ SCOTT D. SMILEY, ESQ.
SCOTT D. SMILEY, ESQ.
FLA. BAR NO. 678341
scott@conceptlaw.com
THE CONCEPT LAW GROUP, P.A.
200 S. Andrews Ave., Ste. 100
Ft. Lauderdale, Florida 33301
*Receiver*

SERVICE LIST

Electronically Served via State Filing Portal on April 8, 2016 and Served via E-mail Dated April 8, 2016:

Eric. R. Stanco, Esq.
Stanco & Robinson, LLC
2390 Tamiami Trail North, Suite 216
Naples, Florida 34103
Email: erstanco@suretylaw.com; rickstanco@yahoo.com

Mitchell D. Adler, Esq.
Greenspoon Marder, P.A.
2255 Glades Road, Suite 400E
Boca Raton, Florida 33431
Email: mitchell.adler@gmlaw.com; lynn.thompson@gmlaw.com; cherie.foletta@gmlaw.com

Michael D. Moccia
Michael D. Moccia, P.A.
1200 N. Federal Hwy, Suite 200
Boca Raton, Florida 33432
Email: mdm@moccialaw.com